IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LUCE and JEAN LUCE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>A. W. CHESTERON COMPANY, INC., et al.,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　　　／ | No. C-10-0174 MMC<br><br>**ORDER DENYING DEFENDANT CBS CORPORATION'S APPLICATION FOR ORDER STAYING ALL PROCEEDINGS** |

　　　　Before the Court is defendant CBS Corporation's ("CBS") "Application For An Order Staying All Proceedings Pending A Decision By The Judicial Panel On Multidistrict Litigation," filed January 20, 2010. Plaintiffs Charles and Jean Luce have filed opposition, to which CBS has replied. Having read and considered the papers filed in support and in opposition to the motion, the Court hereby rules as follows.

　　　　District courts have identified the following factors to be considered when determining whether to stay an action pending a decision by the Judicial Panel on Multidistrict Litigation with respect to transfer of an action: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360

(C.D. Cal. 1997).

Before addressing the above factors, the Court notes at the outset that, other than the instant application to stay, the only matter pending before the Court is plaintiffs' motion to remand. Accordingly, the issue before the Court is, in effect, whether this Court should consider the merits of plaintiffs' motion for remand, presently set for hearing on March 19, 2010, or, instead, stay the instant action with the understanding that the Eastern District of Pennsylvania, the district court in which MDL No. 875 is pending, will consider the motion for remand.

With respect to the issue of prejudice to the non-moving party, plaintiffs assert that, in light of plaintiff Charles Luce's age, almost 81 years, and his health problems, including lung cancer, plaintiffs would be entitled as a matter of California procedural law to begin the trial of their claims forthwith in state court, pursuant to § 36(a) of the California Code of Civil Procedure, whereas no such mandatory preference is available should the matter remain in federal court. Under such circumstances, plaintiffs argue, the issue of the propriety of removal should be considered as soon as possible. Contrary to plaintiffs' contention, plaintiffs' complaint will not be "forever mired in inactivity" (see Opp. at 4:5) if transferred to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Nonetheless, if the matter is transferred, some amount of delay is inevitable, given the need to have the motion to remand reset for hearing in MDL No. 875. Consequently, the first of the above-quoted factors weighs against a stay.

CBS has not identified any hardship or inequity to which it may be subjected in the event this Court, as opposed to the Eastern District of Pennsylvania, considers the merits of plaintiffs' motion to remand. Indeed, CBS's reply in support of the instant application consists almost entirely of an argument as to the propriety of the removal, as opposed to the propriety of having the Eastern District of Pennsylvania consider that issue. Consequently, the second factor weighs against a stay.

Further, although the Court does not consider the merits of the motion to remand at this time, the Court, having reviewed the motion to remand and the recently-filed

opposition, finds the issues presented thereby are not issues likely to be commonly presented in actions pending before the transferee court in MDL No. 875, but, rather, issues specific to the instant complaint and the instant notice of removal. Consequently, staying the matter in order to allow the Eastern District of Pennsylvania to consider the motion to remand would not appear to conserve judicial resources, and, accordingly, the third factor weighs against a stay.

In sum, because each of the above-referenced factors weighs against a stay, the application for a stay of proceedings will be denied, and, accordingly, CBS's application for a stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 2, 2010

MAXINE M. CHESNEY
United States District Judge