IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LUCE and JEAN LUCE, | No. C-10-0174 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; VACATING MARCH 19, 2010 HEARING** |
| v. | |
| A. W. CHESTERTON COMPANY, INC., et al., | |
| Defendants | |

Before the Court is Plaintiffs Charles and Jean Luce's "Motion to Remand Case to California Superior Court," filed February 10, 2010. Defendant General Electric Company ("GE") has filed opposition, in which defendant CBS Corporation ("CBS") has joined. Plaintiffs have filed a reply. Having read and considered the papers filed in support and in opposition to the motion,[1] the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for March 19, 2010, and rules as follows.

In their complaint, plaintiffs allege that each plaintiff has been injured as a result of plaintiff Charles Luce's having been exposed to products containing asbestos. CBS

---

[1] In its joinder, CBS requests that the Court consider the argument it made in its "Reply in Further Support of its Ex Parte Application to Stay Pending Transfer to MDL 875"; the Court has considered such argument.

removed the complaint from state court pursuant to 28 U.S.C. § 1442(a)(1), which provides that a civil action commenced in a state court may be removed by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." See 28 U.S.C. § 1442(a). In its Notice of Removal, CBS asserts that its predecessor Westinghouse Electric Corporation ("Westinghouse") is a "person" who acted under an officer of the United States Navy, in that "Westinghouse acted under the direction of [the Navy]" when it "construct[ed] its marine steam turbines for the Navy." (See Notice of Removal at 3:24-25.)

CBS's assertion that Westinghouse constructed turbines at the direction of the Navy, which assertion is also made by GE in its opposition to the instant motion to remand, supports a removal pursuant to § 1442(a)(1) only if plaintiffs have alleged that Charles Luce was exposed to asbestos in turbines manufactured by Westinghouse and/or GE. In their motion to remand, however, plaintiffs deny that their claims are based on a theory that Charles Luce was exposed to asbestos from any turbine manufactured by Westinghouse or GE. Rather, plaintiffs argue, plaintiffs have alleged that Charles Luce was exposed to asbestos in "electrical components" manufactured by Westinghouse and GE. Neither CBS nor GE argues that any electrical component manufactured by either such defendant or its predecessors was manufactured at the direction of a federal officer. Consequently, the threshold issue is whether plaintiffs' claims against CBS and GE are based on a claim that Charles Luce was exposed to asbestos in a turbine or turbines manufactured by Westinghouse or GE.

The complaint names over thirty defendants, some of which are sued in their capacity as successors-in-interest to one or more entities. The complaint is not a model of clarity as to the type of products to which Charles Luce is alleged to have been exposed, nor as to which products were manufactured by which of the numerous defendants and/or their predecessors. Rather, the complaint first alleges that "defendants, their 'alternative entities,' and each of them" manufactured, sold, or otherwise placed in the stream of

commerce "asbestos and other products containing asbestos." (See Compl. ¶ 5).

Immediately after such allegation, the complaint then alleges:

> Said asbestos and other products containing asbestos . . . specifically include, but are not limited to: adhesives/tape/mastic; <u>electrical components</u>; phenolic resins; wire/cable; arcs/chutes; scanners; scopes; radar equipment; electronics; cloth; paper; board; tubes; switches; gears; panels; insulation materials; brakes; clutches; gaskets; engines; motors; pumps; valves; packing; automobiles; trucks; other automotive component parts; boilers; steam traps; refractory materials; engines; <u>turbines</u>; compressors; condensers[;] and other materials containing asbestos currently unknown or unspecified by plaintiffs.

(See id.) (emphasis added).

Plaintiffs further allege that Charles Luce "[has] used, handled or been otherwise exposed to asbestos and asbestos-containing products" and that such "exposure to asbestos and asbestos-containing products occurred at various locations as set forth in Exhibit 'A,' attached to plaintiffs' complaint." (See Compl. ¶ 9.) In Exhibit A, plaintiffs allege that Charles Luce was exposed to asbestos at various job sites, including a number of ships on which he worked during the time he was employed by the United States Navy, as well as six sites operated by private entities by whom he was employed. (See Compl. Ex. A.) With respect to the types of products to which Charles Luce was exposed at those job sites, plaintiffs allege:

> Plaintiff Charles Luce was exposed to asbestos of varied types and sources during his employment, which may have included, but is not limited to, asbestos containing: adhesives; <u>electrical components</u>; phenolic resins; wire/cable; arcs/chutes; scanners; scopes; radar equipment; electronics; cloth; paper; board; switches; gears; panels; tubes; insulation materials; brakes; clutches; gaskets; engines; motors; pumps; valves; packing; automobiles; trucks; other automotive component parts; boilers; steam traps; refractory materials; engines; <u>turbines</u>; compressors; condensers[;] and other materials containing asbestos currently unknown or unspecified by plaintiff.

(See id.) (emphasis added).

The above-quoted language in plaintiffs' complaint and Exhibit A thereto can be reasonably interpreted as alleging that Charles Luce was exposed to asbestos contained in turbines manufactured by Westinghouse and/or GE, as CBS and GE argue. The language, however, also can be reasonably interpreted as alleging that Charles Luce was exposed to asbestos contained in electrical components manufactured by Westinghouse

3

1  and GE, as plaintiffs argue. Additionally, the language can be reasonably interpreted as
2  alleging that Charles Luce was exposed to asbestos contained in any number of other
3  products, for example, radar equipment, manufactured by Westinghouse and/or GE. The
4  language also could be reasonably interpreted as alleging that Charles Luce was exposed
5  to asbestos contained in a product manufactured by Westinghouse and/or GE that is not
6  specifically identified in the complaint or in Exhibit A thereto. In sum, the complaint is
7  ambiguous, both as to the types of asbestos-containing products to which Charles Luce
8  was exposed, and as to which of those products was manufactured or sold by any specific
9  defendant or its predecessor(s).

10  In support of the instant motion and to clarify the ambiguity, plaintiffs submit a
11  declaration of Charles Luce. "[I]f the basis for jurisdiction is ambiguous at the time of
12  removal," a district court may consider "post-removal affidavits" to determine whether the
13  court has jurisdiction over the removed complaint. See Gebbia v. Wal-Mart Stores, Inc.,
14  233 F.3d 880, 883 (5th Cir. 2000). Here, as explained above, the complaint is ambiguous
15  as to the type(s) of alleged Westinghouse and GE asbestos-containing products to which
16  Charles Luce was exposed, i.e., whether such products were turbines, electrical
17  components, both, or neither. Consequently, the Court finds it appropriate to consider
18  Charles Luce's declaration.

19  In his declaration, Charles Luce states that during the years in which he was
20  employed, he "worked extensively with asbestos-containing electrical components,"
21  including electrical components manufactured by Westinghouse and GE (see Luce Decl.,
22  filed February 10, 2010, ¶ 6), and he "did not work with or around any Westinghouse or
23  [GE] marine turbines at any time during [his] lifetime" (see id. ¶ 7).[2]

24  Because the declaration plainly indicates plaintiffs are claiming Charles Luce was

---

[2] Consistent therewith, plaintiffs, in their motion to remand, state that "[c]ontrary to the basis for removal cited by [CBS] in its notice, the products at issue in this matter are not marine turbines, but rather the Westinghouse electrical components" (see Pls.' Mot., filed February 10, 2009, at 3:13-14), and that "[Charles] Luce was exposed to GE asbestos-containing electrical components in commercial and military applications, not turbines" (see id. at 20:24-25).

4

exposed to asbestos-containing electrical components manufactured by Westinghouse and GE, and are not claiming he was exposed to asbestos in any turbine, and because neither CBS nor GE asserts that it manufactured any electrical component at the direction of a federal official, the Court finds there is no basis for federal jurisdiction over plaintiffs' claims against CBS or GE.

Accordingly, the motion to remand is hereby GRANTED, and the complaint is hereby REMANDED to the Superior Court for the State of California, in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: March 16, 2010

MAXINE M. CHESNEY
United States District Judge